**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **vs.** § | **CR. NO.  1:24CR00236-ACR** |
| § | |
| **Randolf Tyson Milliner** § | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Randolf Tyson Milliner ("Milliner"), by and through undersigned counsel, respectfully requests this Honorable Court to impose a sentence that is reasonable, fair and just. The purpose of this memorandum is to demonstrate that Milliner is deserving.

## I.  OVERVIEW

This Memorandum presents the Court with examples of Milliner's background, nature, and character, as well as several mitigating factors for the Court to consider under 18 U.S.C. § 3553(a) in fashioning the appropriate sentence.  Milliner respectfully requests the Court to consider the factors contained in 18 U.S.C. § 3553(a), and apply a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).  Defendant, Milliner pled guilty to violating 40 U.S.C. 5104(e)(2)(D), disorderly and disruptive Conduct in a Capital Building and 40 U.S.C. 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.  The defendant is employed as a network technician with BMW in Greer, South Carolina. He is single and has no children. He was present on January 6th of 2021 at the Capitol as he took the trip to go to Washington DC to witness the events. The defendant's intention was to participate in a peaceful demonstration. He did enter the US Capitol building on that date and remained on Capitol grounds.  The defendant signed off on a document Case entitled "Statement of Offense", which stipulates to the actions taken by the defendant on January 6th, 2021.

## II.  SENTENCING LAW

In this misdemeanor case defendant's sentencing is guided by 18 USC 3553 (a). These factors are what this Court must consider in sentencing the defendant.

The defendant has shown remorse for his actions and was truthful on what he saw and did that day. The defendant has been consistent with orderly behavior by retaining council, attending court dates, and entered into a plea with the United States of America taking full responsibility for his actions.

Defendant was a member of the Armed Services, specifically a Private First Class in the United States Army (specialty was infantry).  Mr. Milliner has no criminal history!  This offense is his first and only criminal conviction!

The defendant's behavior on January 6th, 2021 is being examined but I believe the evidence shows that this was the exception and not the defendants normal behavior. The defendant is well known in our community and a very loving friend. He participates in good activities that are wholesome and that are vital for his community development and outreach. These types of qualities are deemed to be positive in our culture and would support the possibility that he would be able to successfully complete a non-prison sentence in a timely and an orderly fashion.

The defendant earns his livelihood by honest work and is able to provide for himself.  The defendant will take care of all obligations that are ordered in a timely and professional manner.

## III. ANALYSIS UNDER § 3553(a)

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider, among several factors, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) any pertinent policy statement issued by the Sentencing Commission.

### A. History and Characteristics

Section § 3553(a)(1) requires the sentencing court to consider the history and characteristics of the defendant. There are factors in connection with Milliner's history and personal characteristics that the Court should consider when determining her sentence.

Milliner is 49 years old. He was born in Gainesville, Florida and has lived in the South Eastern United States his entire life.

Milliner enjoys close relationships with his father, mother, and brother, as well as, extended family and friends. Milliner has close ties with his community. Please see attached character reference letters (showing support and love for Milliner).

These days my client spends his time with his friends and family when he is not working. The Defendant has one brother and both parents (all living in Florida). The defendant is an active

member of his community and family.

**1.  Just Punishment/Promote Respect for the Law**

It must be noted that Milliner readily recognizes that he committed a serious offense and must face the consequences.  However, the sentence imposed should be one that promotes respect for the law and provides just punishment. "Respect for the law is promoted by punishments that are fair, however, not those that simply punish for punishment's sake." *United States v. Stern*, 590 F. Supp.2d 945, 956-57 (N.D. Ohio 2008). "[A] sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Id*. (quoting *Gall*, 552 U.S. at 54).

Further, it cannot be stressed enough that Milliner has already suffered serious consequences as a result of his actions.  Because of his guilty plea, he now has the social stigma that goes with having a federal conviction, which will remain with him for the rest of his life. Milliner's extreme remorse, along with the grief he suffers as a result of his choices, along with the stigma he will endure in the future all support a lower range sentence.  This is his first and only conviction.  Mr. Milliner is humiliated.

**2.  Afford Adequate Deterrence to Criminal Conduct**

There is no justification for Milliner's involvement in the present offense, and deterrence and prohibition are essential objectives for society.  However, in keeping with the directives set out in § 3553(a), the sentence imposed upon Milliner must be sufficient, but not greater than necessary, to meet the overall purposes of sentencing.  The mere fact of Milliner's prosecution and conviction will deter others from engaging in this type of conduct.

**3.  To Protect the Public From Further Crimes/Recidivism**

The Sentencing Commission's empirical research shows that offenders who are in the same age category as Milliner are among the lower percentages in recidivism rate.  *See* U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* at 31.[1]  Milliner's remorse, health history, education, as well as his family and community support, along with his age all indicate that he does not pose a significant threat of re-offending or otherwise endangering the public.  In short:  he has learned his lesson.

**C.  Policy Statements Issued by Sentencing Commission**

Recent actions by the Sentencing Commission recognize the growing problem with overcrowded prisons and the burgeoning prison budget.  In January 2014, the Commission recommended an amendment to the drug Guidelines to lower the base offense levels in the Drug Quantity Table across all drug types in U.S.S.G. § 2D1.1.  The Commission's concerns primarily focused on the cost of incarceration and over-capacity of prisons, more than the impact of such sentences on defendants, their families, or the community.  On April 10, 2014, the Commission voted unanimously to adopt the recommended amendment, and recently the Commission voted to make the amendment retroactive.

On March 13, 2014, the Attorney General testified before the Sentencing Commission, strongly supporting the above-referenced change to the Drug Quantity Table.  The Justice Department News Release shows that the Attorney General's testimony was focused more on the human and moral costs of incarceration.  According to Attorney General Holder, "as this Commission has recognized, certain types of cases result in too many Americans going to prison for too long, and at times for no truly good public safety reason.  The most severe penalties should

---

[1] Available at: http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf (last visited September 11, 2015)

be reserved for dangerous and violent drug traffickers." *See* Eric Holder Statement.

This situation and these event are not "drug offenses", the policy behind these statements are the same. Severe punishments should be for the most serious and egregious of action.

Based on the foregoing, a probationary or supervised release sentence would be appropriate both under the cost of incarceration concern and the premise that the longest sentences should be saved for the most violent offenders. Milliner's offense, while reprehensible, the policy statements by the Sentencing Commission and the testimony by the Attorney General should be considered by the Court in determining a sufficient sentence.

### D.  Conclusion – §3553 Factors

Milliner asks the Court to take into consideration all of the factors set forth in this Memorandum in evaluating the sentencing factors under §3553. Mr. Milliner has accepted responsibility. Mr. Milliner's sincere acceptance of responsibility indicate consideration of a lower range. While punishment is necessary, a sentence of incarceration appears severe. Mr. Milliner respectfully requests the Court to take into consideration the information provided herein when fashioning a sentence that meets the goals of sentencing under § 3553(a).

The defendant would request to be sentenced by this court to one year of supervised release and $500 in restitution with the additional $25.00 for the special assessment. In the event the court believes that is insufficient the defendant would request community service in his local community as he has many skills that would be useful to others and he has a good reputation.

        Respectfully submitted


        <u>/s/M.W. Cockrell, III</u>
        M. W. COCKRELL III
        USDC COLUMBIA DISTRICT ID# 16
        ATTORNEY FOR DEFENDANT
        BARRISTER BUILDING
        Olde Towne Centre
        157 Main Street
        CHESTERFIELD, SOUTH CAROLINA
        (843) 623-5911

October 28, 2024
Chesterfield, South Carolina